**Frank A. CARTER, Jr., Chief Disciplinary Counsel**

v.

**Augustus CHAROS, Jr.**

**No. 88–10–M.P.**

Supreme Court of Rhode Island.

Feb. 2, 1988.

Frank A. Carter, Jr., Providence, pro se.

Joseph A. Kelly, Providence, for Carroll, Kelly & Murphy.

### OPINION

PER CURIAM.

This is a disciplinary proceeding in which the respondent, Augustus Charos, Jr. (Charos), a member of the Rhode Island Bar since April 1983, admits that when he filed his application to take the Rhode Island bar examination in mid-December 1981, he gave a false response to an inquiry that asked, "Have you ever been charged with, arrested, indicted, or questioned regarding violation of any law?" His response was "no." In fact he had been arrested and charged by police in Massachusetts on two occasions and by law enforcement authorities in Vermont on a third occasion. Charos concedes that his negative reply violated DR 1–101(A), which, by its express terms, subjects an attorney to discipline "if he has made a materially false statement in, or if he has deliberately failed to disclose a material fact requested in connection with, his application for admission to the bar."

The first episode occurred in 1973 when Charos, then a resident of nearby Somerset, Massachusetts, was nineteen years old. He had been contacted by the mother of a young girl to see if he could help with her daughter's drug-addiction problem. On one occasion, while in the company of the addict, Charos was asked by one of the addict's friends for a ride to a nearby drugstore for the purpose of purchasing some cigarettes. When Charos complied with

this request, he was totally unaware that the friend, instead of seeking cigarettes, intended to rob the store.

Subsequently the charges lodged against Charos for his alleged participation in the attempted holdup were dismissed in the Massachusetts Superior Court.

Time passed without incident until the evening of October 29, 1976 when Charos, while driving along a Massachusetts highway, observed a van in a breakdown lane. It appeared that two individuals were working on the motor that was located in the rear of the van. Seeking to help a distressed motorist, Charos drove his car in front of the van and put his emergency flashers on to warn other vehicles in the area. As Charos left his vehicle and approached the van, he observed the two individuals running away. A police officer then came on the scene and advised Charos that he was being charged with breaking and entering a motor vehicle and refusing to stop for a uniformed police officer.

At a probable cause hearing in a Massachusetts District Court, Charos was found not guilty of the breaking and entering charge and the refusal to stop charge was "filed" upon payment of court costs.

In early March 1978 Charos was visiting the State of Vermont. During his visit, he was approached by an individual who was seeking to sell a television set. Charos purchased the set and secured it to his luggage rack. On his return trip to Massachusetts, he was stopped by the Vermont police and charged with possession of stolen property, the television set. He appeared in the Vermont District Court on two occasions. The case was filed and subsequently dismissed and all records destroyed.

Before us Charos concedes that his action in responding negatively to the question on the bar application was intentional. He also explained that he was of the belief that these incidents did not constitute a police record either in Massachusetts or in Vermont. And he asked that any sanction imposed be something less than a suspension or disbarment.

It is interesting to note that at the time Charos filed his application to take the bar examination, he was seeking from the bar examiners a waiver of the requirement that stipulates that any applicant to take the Rhode Island bar examination must be a graduate of an accredited law school. In fact, Charos was not permitted to take the examination until he produced proof that in the interval since his original filing of the application, he passed the bar examination given by some other jurisdiction. Charos then traveled to Indiana where he successfully passed that state's bar examination. Upon his return to Rhode Island he was permitted to take the examination and, as noted earlier, became a member of the Rhode Island Bar in the spring of 1983.

Although much has been said in regard to the youth of Charos at the time of the incidents related above, there is no question that in December 1981 when Charos filed his application to take the bar examination, he deliberately deceived the examiners.

Several years ago this court described veracity as an attribute that is required of an attorney at all times and demanded of all those who seek admission to the bar. *In re Capace*, 110 R.I. 254, 291 A.2d 632 (1972). Again, in *Capace* we said that even though the truth may hurt at times, honesty is to be demanded and expected of all those who seek to practice law within this jurisdiction.

Charos's mendacity cannot go unpunished. Accordingly, it is hereby ordered and decreed that Augustus Charos, Jr., be and hereby is suspended from the practice of law before the courts of this state for a period of ninety days beginning February 9, 1988 and ending May 9, 1988. He is also ordered to comply with the provisions of our Rule 42–15 (a) and (b) and file with the clerk of this court the names and addresses of all clients he is presently representing.