El Juez Presidente Señor Hernández Denton
emitió la opinión del Tribunal.
Hoy debemos tomar acción disciplinaria contra un abo-gado que, en el proceso de ser admitido al ejercicio de la abogacía en Puerto Rico, ocultó que fue arrestado y denun-ciado en el estado de Florida por conducir un vehículo de motor en estado de embriaguez. Por entender que al omitir dicha información el entonces aspirante a abogado incum-plió con los requerimientos de la Junta Examinadora de Aspirantes al Ejercicio de la Abogacía y de la Notaría (Junta Examinadora), nos vemos obligados a suspenderlo del ejercicio de la profesión por un término de seis meses.
I
El Ledo. Raúl A. Reichard Hernández fue admitido a la práctica de la abogacía en Puerto Rico el 4 de febrero de 2009, tras aprobar el examen de reválida general adminis-trado por la Junta Examinadora en septiembre de 2008. Dos meses antes de tomar la reválida local, en julio de 2008, el entonces aspirante Reichard Hernández tomó el examen de reválida para la jurisdicción del estado de Florida.
El licenciado Reichard Hernández aprobó la reválida de Florida. Sin embargo, durante el proceso de admisión, la Junta Examinadora de dicho estado (Florida Board of Bar Examiners) se percató de cierta información que ponía en entredicho el carácter y la idoneidad del aspirante. La in-formación aludía al hecho de que, en agosto de 2007, mien-tras era estudiante de Derecho y estaba de vacaciones, el licenciado Reichard Hernández fue arrestado y denunciado en el estado de Florida por conducir un vehículo de motor bajo la influencia de bebidas embriagantes (“Driving Under the Influence” o D.U.I.) y por negarse a firmar el docu- *607 mentó acreditativo de su negativa a someterse a una prueba de aliento (“Refusal to Sign a Traffic Summons”), cargos que fueron archivados posteriormente.
Así las cosas, la Junta Examinadora floridense inició una investigación más extensa del asunto y, a tales efectos, solicitó al licenciado Reichard Hernández que compare-ciera a una vista investigativa. Dicha vista se celebró el 13 de marzo de 2009. Allí se le cuestionó al abogado, entre otros aspectos, sobre su decisión de no informar las cir-cunstancias y consecuencias de su arresto en la Declara-ción Informativa sometida durante el proceso de admisión al ejercicio de la abogacía en Puerto Rico.(1)
Como consecuencia de la vista investigativa, la Junta Examinadora de Florida ordenó la presentación de una querella contra el licenciado Reichard Hernández. En ésta, presentada el 31 de julio de 2009, se le imputó al abogado la comisión de varias violaciones, entre ellas, haber ofre-cido información falsa, engañosa o deshonesta tanto en la solicitud de admisión de Florida como en la de Puerto Rico.(2)
La querella llamó la atención al hecho de que, en la solicitud de Florida, el licenciado Reichard Hernández re- *608 veló que fue arrestado por conducir bajo los efectos del alcohol, pero omitió que fue denunciado por negarse a firmar el documento acreditativo de su negativa a someterse a una prueba de aliento. Esta omisión quedó probada en el proceso administrativo llevado a cabo por la Junta Exami-nadora de ese estado.(3) Respecto a la información ofrecida en la solicitud de Puerto Rico, la querella hizo referencia al hecho de que el licenciado Reichard Hernández contestó “No” en las preguntas 27 y 31 de la Declaración Informa-tiva, omitiendo así cualquier referencia a su arresto y jui-cio en Florida. Ambas preguntas indagan si el aspirante es o ha sido parte de una investigación criminal o procedi-miento administrativo, y si ha sido imputado de delito.
El 2 de octubre de 2009 el licenciado Reichard Hernán-dez presentó su contestación a la querella, y, luego, me-diante una carta de 18 de noviembre de 2009, solicitó una vista formal ante la Junta Examinadora de Florida. Dicha vista formal fue pautada para abril del 2010, pero final-mente se llevó a cabo el 14 de mayo de 2010. Fue precisa-mente para esa época que el licenciado Reichard Hernán-dez se comunicó finalmente con este Tribunal para ponernos al tanto de sus vicisitudes ante la Junta Exami-nadora de Florida. (4)
Mediante misiva de 30 de abril de 2010, dirigida al sus-cribiente, el licenciado Reichard Hernández reveló que, du-rante el proceso de admisión en el estado de Florida, había surgido cierto asunto relacionado con su solicitud de admi-sión en Puerto Rico. Sobre este particular, señaló que la Junta Examinadora de aquel estado había inquirido sobre *609 sus respuestas a las preguntas 27 y 31 de la Declaración Informativa sometida ante la Comisión de Reputación de Aspirantes al Ejercicio de la Abogacía adscrita a este Tribunal. Asimismo, explicó sus razones para contestar “No” en ambas preguntas. Citamos de la carta redactada en inglés.
With regard to Question 27, I interpreted the language to refer to investigative procedures/proceedings that are gradual and prior to any accusation or prosecution. I answered the question in the negative because I concluded, perhaps erroneously, that a mere detention and summary charging for the alleged DUI did not constitute being the object of a criminal investigation or administrative proceeding as referred to in Question 27.
In addition, I answered Question 31 in the negative because I reasoned, perhaps too narrowly, that the question only contemplates accusations or criminal procedures/proceedings in Puerto Rico. I concluded there was a territorial and jurisdictional limitation connected to this question due to the fact that the four prior questions (Questions 27-30) do indeed expressly require disclosure of procedures outside of Puerto Rico. Please note in Questions 27-30, that the questions require disclosure of matters “in or outside of Puerto Rico, including federal procedures [or cases].” The absence of said clause in Question 31 led me to believe I was not required to disclose the Florida DUI charge. In retrospect, I recognize that I should have erred on the side of both caution and more disclosure, and revealed the Florida DUI in my Puerto Rico application. Carta al Juez Presidente Señor Hernández Denton, 30 de abril de 2010, págs. 1-2.
Referida la carta al Pleno de este Tribunal, le concedi-mos al licenciado Reichard Martínez un término de treinta días para que mostrara causa por la cual no debía ser sus-pendido inmediatamente del ejercicio de la abogacía sin ulteriores procedimientos, a la luz de la normativa pau-tada en In re Sepúlveda, Casiano, 155 D.P.R. 193 (2001). Luego de que le concediéramos dos términos adicionales para someter su escrito, el 17 de septiembre de 2010 el licenciado Reichard Hernández presentó su alegato en *610 cumplimiento de nuestra orden. Con el beneficio de su comparecencia, procedemos a resolver.
I — !
En el ejercicio de nuestro poder inherente para regular el ejercicio de la profesión, este Tribunal tiene la facultad de evaluar, investigar y determinar el carácter y aptitud de todo aspirante al ejercicio de la abogacía.(5) Dicha función ha sido delegada a la Comisión de Reputación para el Ejercicio de la Abogacía (Comisión de Reputación). Regla 1(b)(1) del Reglamento de la Comisión de Reputación para el Ejercicio de la Abogacía, 4 L.RR.A. Ap. XVII-C. Las decisiones de este organismo están fundamentadas en la prueba que tiene ante sí sobre la conducta pasada y presente del aspirante. Por esa razón, sus dictámenes merecen gran deferencia por parte de este Foro. In re Sepúlveda, Casiano, supra, pág. 211; In re Belén Trujillo, 128 D.P.R. 949, 957-958 (1991).
Asimismo, la Junta Examinadora juega un rol esencial en el proceso de acopio de información. A ella le toca recibir toda aquella información que complementa la solicitud de reválida y que luego se refiere a la Comisión de Reputación de manera que ésta pueda llevar su encomienda de evaluar a los aspirantes. In re Sepúlveda, Casiano, supra, pág. 212.
Entre los formularios que cada aspirante tiene que com-pletar se encuentra la Declaración Informativa. Hemos ex-presado que ésta “sirve, entre otras cosas, para obtener datos que puedan arrojar luz sobre las cualidades morales *611 de cada aspirante”. In re Sepúlveda, Casiano, supra, pág. 212, citando a L.M. Negrón Portillo, Ética Profesional, (ed. de autor), 1993, pág. 2. En dicha declaración, se requiere al aspirante que conteste, entre otras cosas, “si actualmente es o ha sido parte de alguna investigación de índole criminal o proceso administrativo en o fuera de Puerto Rico” (Pregunta 27) y “si alguna vez ha sido imputado de delito grave o menos grave, aunque el caso haya sido archivado” (Pregunta 31).(6)
Al final de la declaración, el aspirante tiene que prestar juramento ante notario para certificar que la información brindada en ella es cierta. Sobre este particular, el profesor Negrón Portillo ha expresado:
El ofrecer la información correcta y exacta en esta Declara-ción Informativa es de suma importancia, no sólo porque el solicitante se expone a ser procesado por perjurio, sino porque la ley (4 L.P.R.A. see. 734) dispone que “cualquier acto o ma-nifestación fraudulentos hechos por el solicitante en conexión con su solicitud ... será causa suficiente para la revocación de su licencia por la Corte Suprema de Puerto Rico”. Negrón Por-tillo, op. cit, pág. 3.
En In re Sepúlveda, Casiano, supra, pág. 213, tras citar con aprobación el pasaje anterior, señalamos:
*612 Basta una ligera lectura de lo antes expuesto para compren-der que la corrección y la seriedad que exige, desde su fase embrionaria hasta su final, el procedimiento de admisión a la profesión no constituyen requisitos vanos ni mucho menos estériles. El tenor de cada requerimiento de este proceso es necesario para la consecución de una selección depurada con el propósito de lograr, en la medida de lo posible, que los admi-tidos al ejercicio de esta loable profesión tengan el carácter y la estatura moral que deben distinguir a cada miembro de ella. (Énfasis en el original.)
Por otro lado, hemos dicho que, “[m]ás que un ideal irrazonable, la verdad es atributo inseparable del ser abogado y, sin ésta, no podría la profesión jurídica justificar su existencia”. In re González Cardona, 179 D.P.R. 548 (2010). Véanse: In re Ortiz Martínez, 161 D.P.R. 572, 587 (2004); In re Martínez, Odell II, 148 D.P.R. 636, 642 (1999). De acuerdo con lo anterior, lo menos que podemos esperar de una persona que aspira a ejercer la abogacía es que sea completamente honesta y sincera en todo lo relacionado con su solicitud de admisión al foro. Sobre este particular, citamos con aprobación al Tribunal Supremo de Nueva Jersey:
Candor and honesty are a lawyer’s stock and trade. Truth is not a matter of convenience. Sometimes lawyers may find it inconvenient, embarrassing, or even painful to tell the truth. Nowhere is this more important than when an applicant applies for admission to the bar.
In all instances, the applicant must display complete candor in all filings and proceedings required by the Committee on Character. Anyone who does not grasp that fundamental proposition should not be a lawyer. (Cita y comillas omitidas.) In re Scavone, 524 A.2d 813, 820 (1987).
Conforme a lo anterior, todo aspirante a abogado tiene el deber de ser honesto y sincero en su solicitud de admisión al foro. Este deber incluye, pero no se limita a, divulgar toda información que pueda arrojar luz sobre su carácter y aptitud para ejercer la profesión. En el cumplimiento de esta obligación, todo aspirante debe ser estricto *613 consigo mismo, suprimiendo todo impulso de omitir infor-mación y ofrecer información falsa o engañosa en la Decla-ración Informativa. Cualquier incumplimiento con este de-ber se evaluará “como una actuación deshonesta inde-pendiente a los hechos o la conducta omitida”. S. Steidel Figueroa, Etica y responsabilidad disciplinaria del abo-gado, San Juan, Pubs. JTS, 2010, pág. 69.
Al revisar nuestra jurisprudencia, nos percatamos de que, tan atrás como principios del siglo XX, en In re López, 15 D.P.R. 265 (1909), tomamos acción disciplinaria contra un abogado que mintió en su solicitud de admisión. El abo-gado informó que había comenzado sus estudios de Dere-cho en el estado de Indiana en enero de 1906, cuando, en realidad, los había iniciado un año después, en enero de 1907. Esta discrepancia podría parecer insignificante en el presente, pero, en aquel entonces, era determinante en cuanto a si el aspirante tendría que someterse a un exa-men escrito como requisito para ejercer la profesión en Puerto Rico. Como consecuencia, resolvimos dejar sin efecto la resolución admitiendo al abogado al ejercicio de la profesión y ordenamos que se eliminase su nombre del re-gistro de abogados admitidos a ejercer la profesión ante este Tribunal y demás tribunales insulares. Id., pág. 267.
Posteriormente, en In re Belén Trujillo, supra, atendimos el caso de un abogado a quien se le imputó, entre otras cosas, que mientras era estudiante de Derecho, intervino como testigo instrumental en el otorgamiento de una escritura, sin conocer personalmente al otorgante. Tras examinar la conducta específica del querellado, concluimos que ésta no daba margen a que lo disciplináramos. Por consiguiente, ordenamos el archivo de la querella. No obstante, aprovechamos la coyuntura para expresarnos sobre la facultad de este Tribunal para investigar y disciplinar a los abogados por actos u omisiones cometidos antes de ser admitidos al ejercicio de la profesión. Id., pág. 957. *614 En lo pertinente, resolvimos que “este Tribunal tiene poder inherente para investigar y determinar si la conducta es-pecífica de una persona antes de ser abogado puede ser considerada para removerlo como tal, cuando adviene en conocimiento de ello una vez es abogado”. (Enfasis en el original.) Id., pág. 959.(7) Respecto a los cursos de acción que tenemos disponibles en tales casos, señalamos:
El Tribunal puede usar el mecanismo de nombrar un comisio-nado para que investigue y haga recomendaciones sobre el particular, referir el asunto a la Comisión de Reputación, así como utilizar cualquier otro mecanismo que, con las garantías procesales correspondientes, le ayuden a pasar juicio y a to-mar una determinación sobre dicha conducta. Id.
Sobre este particular, cabe recordar que, como parte de su poder inherente para regular la profesión, este Tribunal tiene la facultad para seleccionar el procedimiento apropiado para disciplinar a un abogado. Steidel Figueroa, op. cit., págs. 33-34. A tales efectos, hemos establecido que, en el ejercicio de esa facultad, estamos liberados de toda rutina procesal sin más limitación que la garantía de un debido proceso. In re Cando Sifre, 106 D.P.R. 386, 389 esc. 1 (1977).
Más recientemente, en In re Sepúlveda, Casiano, supra, suspendimos por tres meses a una abogada que, entre otras cosas, no enmendó la Declaración Informativa para revelar la existencia de dos pleitos civiles en los que figuraba como demandada. Allí, advertimos que “cualquier tipo de violación a los requerimientos del proceso de admisión entorpece el trabajo de la Comisión de Reputación en su función de investigar y tomar determinaciones bien fundamentadas sobre el carácter y la aptitud de todo aspirante a la profesión de la abogacía”. Id., pág. 213.
*615 Por otro lado, reiteramos que actos cometidos por un abogado fuera de Puerto Rico son pertinentes en la determinación de si un abogado debe ser readmitido a nuestro foro. In re Scott, 175 D.P.R. 474 (2009); In re Rochet Santoro, 174 D.P.R. 123 (2008); Steidel Figueroa, op. cit., págs. 372-373. En In re Scott, supra, denegamos la readmisión de un abogado que había sido suspendido permanentemente del ejercicio de la abogacía en el estado de Florida por haber practicado ilegalmente la profesión. Tras evaluar la conducta incurrida por el abogado en Florida, concluimos que éste no estaba apto para ser readmitido a la abogacía en nuestra jurisdicción. De igual forma, en In re Rochet Santoro, supra, pág. 129, resolvimos que “cuando un abogado admitido al ejercicio de la profesión en Puerto Rico es sancionado disciplinariamente por otro foro judicial, es imperativo evaluar su conducta para determinar si procede la imposición de una sanción disciplinaria en nuestra jurisdicción”.
Con estos preceptos en mente, evaluemos la conducta del licenciado Reichard Hernández al omitir la información de su arresto en la Declaración Informativa presentada como parte de su solicitud de admisión al ejercicio de la profesión en Puerto Rico. Debemos aclarar que no estamos pasando juicio sobre la conducta que terminó en la deten-ción del licenciado Reichard Hernández por agentes del or-den público en Florida. Ese asunto fue debidamente adju-dicado por los tribunales de ese estado cuando se decidió archivar la denuncia.
III
No existen controversias de hechos en este caso. El licen-ciado Reichard Hernández admite haber contestado “No” en las preguntas 27 y 31 de la Declaración Informativa presen-tada ante nuestra Junta Examinadora, omitiendo la infor-mación de su arresto por conducir un vehículo de motor en estado de embriaguez en el estado de Florida. El abogado ha *616 expresado su arrepentimiento por esa conducta. En retros-pectiva, reconoce que debió haber contestado “Sí” en ambas preguntas y revelado las circunstancias y consecuencias de su arresto en Florida. No obstante, sostiene que su omisión se debió a un error de juicio, que resultó “inocua e insustan-cial” y, por consiguiente, no constituye una falta que amerite una sanción tan drástica como la suspensión inmediata del foro. No estamos de acuerdo.
En su alegato, el licenciado Reichard Hernández indica que su omisión se debió más bien a una pobre e innecesaria racionalización mental suya sobre las posibles consecuen-cias que los cargos archivados pudieran tener durante el proceso de su solicitud de admisión al ejercicio de la abo-gacía en Puerto Rico, fruto del temor y de la inseguridad. Lo anterior nos convence de que el licenciado Reichard Hernández era consciente de que divulgar lo sucedido en Florida podía afectar negativamente su solicitud de admi-sión al ejercicio de la abogacía en Puerto Rico. Con el fin de no enfrentar las posibles consecuencias de tal revelación, el entonces aspirante optó por esconder dicha información, amparado en una interpretación restrictiva y acomodaticia sobre las preguntas 27 y 31 de la Declaración Informativa. Al así hacerlo, el licenciado Reichard Hernández entorpe-ció las labores de la Comisión de Reputación en el desem-peño de su función de investigar y hacer determinaciones sobre el carácter y la aptitud de todo aspirante a la profesión. Por tal razón, rechazamos el planteamiento del licenciado Reichard Hernández de que su conducta resultó inocua e insustancial. Al omitir la información relacionada a su arresto en Florida, el entonces aspirante limitó la ca-pacidad de la Comisión de Reputación para evaluar sus cualidades morales.(8)
*617 Al momento de contestar las preguntas de la Declaración Informativa, todo aspirante a abogado debe usar su mejor juicio. Si tuviera dudas sobre cómo responder una pregunta en particular, debe resolver esa duda contra su interés. Similar principio aplica a los abogados en su desempeño profesional. In re Valentín González, 115 D.P.R. 68, 73 (1984). No pretendemos, como insinúa el licenciado Reichard Hernández, que todo aspirante divulgue cuántos boletos de tránsito ha recibido en su vida. Las preguntas de la Declaración Informativa son lo suficientemente claras y específicas como para hacer entender a un aspirante de inteligencia promedio el tipo de información que está obligado a divulgar en ellas.
El licenciado Reichard Hernández arguye que su caso es distinguible de In re Sepúlveda, Casiano, supra. A tales efectos, señala que su conducta es de menor gravedad a la exhibida por los abogados querellados en aquel caso. En apoyo de este argumento, llama nuestra atención a los he-chos siguientes: (1) que al momento de su arresto, no era abogado ni en Florida ni en Puerto Rico, sino un estudiante de Derecho que estaba de vacaciones en Miami; (2) que al momento de someter la Declaración Informativa, los car-gos en su contra ya habían sido archivados; (3) que si bien las preguntas 27, 28, 29 y 30 de la Declaración Informativa le requieren al aspirante divulgar información sobre he-chos ocurridos fuera de Puerto Rico, la pregunta 31 no lo requiere expresamente, por lo que es razonable que un as-pirante promedio piense que, en esa pregunta, no está obli-gado a proveer información sobre actos u omisiones ocurri-dos fuera de Puerto Rico; (4) que ni este Tribunal, ni el Procurador General ni ningún otro organismo disciplinario en Puerto Rico ha presentado cargo alguno en su contra, y (5) que fue él quien trajo ante la atención de este Tribunal lo relacionado a su arresto.
Estos planteamientos no son suficientes para distinguir el presente caso de In re Sepúlveda, Casiano, supra. En lo *618 que aquí nos concierne, ambos casos son prácticamente idénticos. En aquel caso, sancionamos a una abogada que, entre otras cosas, no presentó una enmienda a la Declara-ción Informativa para notificar que figuraba como deman-dada en dos pleitos civiles. Si bien es cierto que allí pasa-mos juicio sobre otras actuaciones de la querellada, aquí sólo estamos considerando lo relacionado a la Declaración Informativa. No obstante lo anterior, atendemos los plan-teamientos del licenciado Reichard Hernández por enten-der que éstos van dirigidos a demostrar que su conducta fue de menor gravedad a la exhibida por la abogada que-rellada en In re Sepúlveda, Casiano, supra, razón por la cual no debemos suspenderlo del ejercicio de la abogacía.
El licenciado Reichard Hernández alude al hecho de que no era abogado al momento de su arresto en Florida. Dicho dato es irrelevante. Contrario a lo que el abogado supone en su alegato, hoy no lo estamos disciplinando por violacio-nes a los Cánones 35 (deber de sinceridad y honestidad) y 38 (deber de exaltar el honor y dignidad de la profesión) del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, los cuales se extienden a la vida privada del abogado. El ejercicio san-cionador se hace dentro de los poderes de este Tribunal de regular la admisión a la práctica de la profesión. En espe-cífico, lo estamos sancionando por no observar las normas adoptadas por la Junta Examinadora, en específico, por no revelar la información de su arresto en Florida en la De-claración Informativa. Por ser ésta una declaración que el futuro abogado suscribe como parte del proceso de admi-sión al ejercicio de la abogacía, es evidente que, allí, el aspirante sólo podrá dar fe de hechos ocurridos antes de juramentar el documento, cuando aún no era abogado.
Igual de inconsecuente es el señalamiento de que, al momento de suscribir la Declaración Informativa, los car-gos ya habían sido archivados. La pregunta 27 de dicha declaración requiere al aspirante indicar “si actualmente *619 es o ha sido parte de alguna investigación de índole criminal o proceso administrativo”. Acto seguido, se instruye al aspirante: “Si contestó en la afirmativa, indique en detalle: su naturaleza, la agencia u organismo, número del caso, nombre y dirección de la persona promovente de la acción y resultado o estado actual.” (Enfasis suplido.) Por su parte, la pregunta 31 es aún más explícita. Allí, se le requiere al aspirante indicar “si alguna vez ha sido imputado de delito grave o menos grave, aunque el caso haya sido archivado”. (Enfasis suplido.) En el inciso (b) de esta pregunta, se le instruye al aspirante: “Si contestó en la afirmativa, y el caso fue archivado, indique la razón de tal archivo.” (Enfa-sis suplido.) Ambas preguntas son lo suficientemente cla-ras como para hacerle entender al aspirante que, en ellas, está obligado a revelar si es o ha sido objeto de alguna investigación de índole criminal o proceso administrativo, o si se le ha imputado de delito grave o menos grave, inde-pendientemente del resultado o estado actual de la investi-gación o proceso, o de si el caso fue archivado.
Por otro lado, si bien es cierto que la pregunta 31, a diferencia de la 27, no contiene la frase “en o fuera de Puerto Rico” cuando le requiere al aspirante revelar si al-guna vez ha sido imputado de delito grave o menos grave, no podemos avalar la interpretación acomodaticia que el licenciado Reichard Hernández pretende que le demos a esa ausencia. La pregunta 31 no tendría sentido si sólo se refiriera a delitos imputados en Puerto Rico, con exclusión de delitos imputados en otras jurisdicciones. Para poder llevar a cabo, de una manera adecuada, su encomienda de evaluar el carácter y la estatura moral de los futuros abo-gados, la Comisión de Reputación no puede limitarse a la conducta del aspirante en Puerto Rico. Por consiguiente, todo aspirante debe revelar cualquier conducta que arroje luz sobre su carácter e idoneidad, aun cuando ésta se hu-biese llevado a cabo fuera de Puerto Rico. Aclaramos, pues, *620 que la Pregunta 31 de la Declaración Informativa requiere que el aspirante indique si ha sido imputado de delito grave o menos grave, en o fuera de Puerto Rico, incluso en procesos federales.
El licenciado Reichard Hernández señala que ni este Tribunal, ni el Procurador General, ni ningún otro orga-nismo disciplinario ha presentado cargo alguno en su contra en Puerto Rico. No comprendemos la relevancia de este planteamiento. Sabido es que, en el ejercicio de nuestro poder inherente para regular la profesión de la abogacía, este Tribunal puede motu proprio iniciar una acción disci-plinaria contra un miembro de la profesión. Aún así, es preciso señalar que, si bien la Junta Examinadora de Florida no ha presentado una queja contra el licenciado Rei-chard Hernández en Puerto Rico, dicho cuerpo requirió a éste enviar una segunda carta al Juez Presidente de este Tribunal.(9) Vemos, pues, que la Junta Examinadora flori-dense no ha tenido que presentar una queja para lograr que la conducta del licenciado Reichard Hernández sea ob-jeto de nuestra atención. Esto nos lleva al último plantea-miento del abogado.
El abogado alude al hecho de que fue él mismo quien informó a este Tribunal lo relacionado a su arresto en Florida. El planteamiento no tiene méritos. El licenciado Reichard Hernández juramentó su Declaración Informa- *621 tiva el 7 de enero de 2009. En ese momento, debió haber revelado su arresto en Florida. No obstante, optó por no hacerlo. Un mes después, el 4 de febrero de 2009 fue admi-tido al ejercicio de la abogacía en Puerto Rico. Transcurrido otro mes, el 13 de marzo de 2009 la Junta Examinadora de Florida cuestionó al abogado durante una vista investiga-tiva sobre su decisión de no informar su arresto durante el proceso de admisión en Puerto Rico. Luego, el 31 de julio de 2009 se presentó la querella en su contra. El licenciado Reichard Hernández pudo haber traído el asunto de su arresto a la atención de este Tribunal en cualquiera de esos dos momentos. Sin embargo, no fue sino hasta abril de 2010 que, finalmente, se comunicó con este Tribunal. Si el abogado tenía interés en aclarar sus respuestas en la De-claración Informativa, cabe preguntarse entonces por qué demoró tanto tiempo en ponernos al tanto del asunto.
En fin, hemos considerado todos los planteamientos del licenciado Reichard Hernández. No obstante, entendemos que la conducta exhibida por éste durante el proceso de admisión es de tal seriedad que debemos tomar acción disciplinaria.
Surge entonces la pregunta de qué sanción debemos im-ponerle al licenciado Reichard Hernández por su omisión en la Declaración Informativa. Al revisar la jurisprudencia de diversas jurisdicciones estatales en Estados Unidos so-bre casos de abogados que omitieron información en sus solicitudes de admisión, nos hemos percatado de que la sanción favorecida por todos los estados examinados es la suspensión. Sin embargo, la duración de las suspensiones impuestas no ha sido uniforme. Ha variado de entre no-venta días, como ha ocurrido en Rhode Island, hasta sus-pensiones indefinidas como las sanciones impuestas en Maryland.(10) De todos los casos estudiados, destacamos *622 Carter v. Charos, 536 A.2d 527 (1988). Allí, el Tribunal Supremo de Rhode Island suspendió por noventa días a un abogado (Sr. Augustus Charos) que contestó “No” a la pre-gunta de si había sido arrestado, condenado o cuestionado en torno a la violación de cualquier ley, cuando, en reali-dad, había sido arrestado y acusado dos veces en Massachusetts y una tercera vez en Vermont. En las tres oca-siones, los cargos fueron desestimados.
Posteriormente, otros dos estados en que el señor Cha-ros estaba admitido para ejercer la profesión, Indiana y California, tomaron acción disciplinaria contra él por los mismos hechos. En Indiana, se le suspendió por un año por no haber revelado sus referidos encontronazos con la ley ni el hecho de que, previo a solicitar admisión en Indiana, la había solicitado en Rhode Island. In re Charos, 585 N.E.2d 1334 (1992). El estado de California lo suspendió también por un año. Id.
Al determinar la duración de la suspensión que impon-dremos en el presente caso, debemos tomar en considera-ción el hecho de que el licenciado Reichard Hernández también fue deshonesto en la solicitud de admisión en Florida, donde omitió la información de su denuncia por ne-garse a firmar el documento acreditativo de su negativa a someterse a una prueba de aliento. La omisión en Puerto Rico, sumada y próxima en tiempo a la omisión en Florida, revela un patrón de conducta dirigido a ocultar y minimi-zar, respectivamente, lo ocurrido en Florida. Esta conducta arroja dudas sobre la honestidad y la probidad moral del licenciado Reichard Hernández para ejercer la profesión en Puerto Rico.
*623 IV
Por entender que el licenciado Reichard Hernández in-cumplió con los requerimientos de la Junta Examinadora al omitir, en la Declaración Informativa, la información de su arresto en Florida, se le suspende inmediatamente del ejercicio de la profesión por un término de seis meses.

El licenciado Reichard Hernández debe notificar a sus clientes que, por motivo de la suspensión, no puede conti-nuar con su representación legal y les devolverá los expe-dientes de cualquier caso pendiente y los honorarios recibi-dos por trabajos no realizados. De igual manera, deberá informar de su suspensión a cualquier sala del Tribunal General de Justicia o foro administrativo en el que tenga algún caso pendiente.

Se ordena al Negociado de Traducciones de este Tribunal que traduzca al inglés esta Opinión a la brevedad posible. Una vez traducida, se ordena a la Secretaria de este Tribunal que remita una copia de la Opinión a la Junta Examinadora del estado de Florida.

Se dictará sentencia de conformidad.

 El licenciado Reichard Hernández juramentó la Declaración Informativa el 7 de enero de 2009 ante notario en Florida.

 En específico, la querella presentada por la Junta Examinadora de Florida le imputó los siguientes tres cargos al licenciado Reichard Hernández: (1) que los he-chos que motivaron las denuncias (por conducir en estado de embriaguez y por ne-garse a firmar el documento acreditativo de su negativa a someterse a una prueba de aliento) eran indicativos de que el abogado había incurrido en conducta impropia, irresponsable o ilegal que demostraba una falta de respeto a la ley y los derechos de los demás; (2) que proveyó información falsa, engañosa o poco sincera en la solicitud de admisión al ejercicio de la abogacía en Florida al no revelar la denuncia por negarse a firmar el documento acreditativo de su negativa a someterse a una prueba de aliento, además de que no enmendó oportunamente su solicitud para revelar su empleo con un bufete de abogados, faltando así al deber de mantener a la Junta informada de cualquier cambio en la información suministrada en la solicitud, y (3) que proveyó información falsa, engañosa o poco sincera en la solicitud de admisión al ejercicio de la abogacía en Puerto Rico al responder en la negativa a las preguntas 27 y 31 de la Declaración Informativa, omitiendo así cualquier referencia a las referidas denuncias presentadas contra él en el estado de Florida. In re Application of Raúl A. Reichard Hernández for Admission to the Florida Bar, Florida Bd. of Bar Exam’rs, No. 20444, Findings of Fact, Conclusions of Law, and Recommendation (3 de agosto de 2010), págs. 3-5.

 íd., pág. 7.

 Posteriormente, la Junta Examinadora de Florida encontró probados todos los cargos presentados contra el licenciado Reichard Hernández y, a modo de sanción, recomendó que la admisión de éste al ejercicio de la abogacía en Florida quede apla-zada por un (1) año a partir de la fecha de la vista formal (14 de mayo de 2010) o hasta que este Tribunal tome la acción correspondiente respecto a la conducta exhi-bida por el abogado al contestar “No” en las referidas preguntas 27 y 31 de la Decla-ración Informativa. In re Application of Raúl A, Reichard Hernández for Admission to the Florida Bar, supra, pág. 11.

 Para una discusión general sobre el rol que juegan las evaluaciones de ca-rácter y aptitud en el proceso de admisión al ejercicio de la profesión, véase D.L. Rhode, Moral Character as a Professional Credential, 94 Yale. L.J. 491 (1985). Véanse, además: A.M. Clemens, Facing the Klieg Lights: Understanding the “Good Moral Character” Examination for Bar Applicants, 40 Akron L. Rev. 255 (2007); M.M. Carr, The Effect of Prior Criminal Conduct on the Admission to Practice Law: The Move to More Flexible Admission Standards, 8 Geo. J. Legal Ethics 367 (1995); M.K. McChrystal, A Structural Analysis of the Good Moral Character Requirement for Bar Admission, 60 Notre Dame L. Rev. 67 (1984).

 La pregunta 27 de la Declaración Informativa lee:
“27. Indique si actualmente es o ha sido parte de alguna investigación de índole criminal o proceso administrativo en o fuera de Puerto Rico, incluso procesos federales.
( ) Sí ( ) No
“Si contestó en la afirmativa, indique en detalle: su naturaleza, la agencia u organismo, número del caso, nombre y dirección de la persona promovente de la acción y resultado o estado actual.”
Por su parte, la pregunta 31 lee:
“31. Indique si alguna vez ha sido imputado de delito grave o menos grave, aunque el caso haya sido archivado.
( ) Sí ( ) No
“a. Si contestó en la afirmativa, indique el delito.
“b. Si contestó en la afirmativa, y el caso fue archivado, indique la razón de tal archivo.”

 Para una discusión de las normas o criterios que se deben utilizar para evaluar la conducta de una persona cuando todavía no era abogado, véase In re Belén Trujillo, 128 D.P.R. 949, 959-960 (1991).

 No podemos perder de vista que en este caso la información suprimida se refiere a un arresto por conducir un vehículo de motor en estado de embriaguez. Dicha conducta está tipificada como un delito menos grave en nuestro ordenamiento. El entendido social es que quien así actúa pone en peligro la seguridad y la vida de los demás.

 Citamos de las recomendaciones de la Junta Examinadora de Florida:
‘‘The board further recommends that the applicant comply with the following special conditions during the withhold period. The applicant must submit an amended letter to the Chief Justice of the Supreme Court of Puerto Rico addressing the concerns that the board expressed to the applicant during his formal hearing about his April SO, 2010, letter. The amended letter must also enclose copies of the police and court records pertaining to the applicant’s August 2007 charge for DUI. The applicant must provide the board with a copy of the amended letter with enclosures and must notify the board of the action that is taken by the appropriate authority in Puerto Rico in response to his amended letter.” In re Application of Raúl A. Reichard Hernández for Admission to the Florida Bar, supra, págs. 11-12.
De nuestro expediente no se deduce que el licenciado Reichard Hernández haya presentado una carta como la que se describe en el párrafo anterior. Desde entonces, lo único que hemos recibido de él ha sido su Moción en Cumplimiento de Orden.

 Véanse: In re Press, 627 A.2d 842 (1993); Carter v. Charos, 536 A.2d 527 (1988); Attorney Grievance Comm’n v. Joehl, 642 A.2d 194 (1994); Attorney Grievance *622 Comm’n of Maryland v. Keehan, 533 A.2d 278 (1987); Attorney Grievance Comm’n of Maryland v. Gilbert, 515 A.2d 454 (1986). Véanse, además, In re Gouiran, 613 A.2d 479, 484 (1992); In re Kotok, 528 A.2d 1307 (1987); In re Scavone, 524 A.2d 813 (1987).