Supreme Court

**In the Matter of Augustus Charos, Jr.**                   No. 2014-321-M.P.

**O R D E R**

This matter is before the Court pursuant to a petition for reciprocal discipline filed by this Court's Disciplinary Counsel in accordance with Article III, Rule 14, of the Supreme Court Rules of Disciplinary Procedure. The respondent, Augustus Charos, Jr., is a member of the bar of this state. At all times pertinent to these proceedings, he was also admitted to practice law before the United States District Court for the District of Rhode Island, and he was authorized to practice before the United States Bankruptcy Court for the District of Rhode Island.

This disciplinary proceeding arises from events occurring while the respondent was representing clients in the Bankruptcy Court. On December 26, 2012, the United States Trustee filed a motion in the Bankruptcy Court seeking the imposition of civil fines against the respondent, requiring him to disgorge fees he had received from clients, and enjoining him from practicing before that court for a period of two years. The United States Trustee alleged that the respondent filed an inaccurate disclosure to the Bankruptcy Court regarding compensation he had received from a client; failed to disclose a fee sharing arrangement he had with another law firm relating to the representation of that client; failed to provide his clients with various required notices under the United States Bankruptcy Code; failed to disclose the existence of a pending personal injury claim on the client's bankruptcy schedule (the respondent did not represent the client in that personal injury matter); submitted filings on behalf of the client to the Bankruptcy Court that purported to contain the electronic signature of the client that the client did not sign; and failed to have original client signatures as required under the Local Rules of the Bankruptcy Court.

On the same day the trustee filed his motion, the respondent executed a consent order acknowledging that sufficient facts existed to support the trustee's motion and agreeing to the imposition of sanctions. These agreed upon sanctions included the respondent forfeiting and returning to the clients $1,501; being enjoined from practicing before the Bankruptcy Court for a period of two years; being required to complete twenty hours of continuing legal education as a condition of being reinstated before the Bankruptcy Court; and being fined in the amount of $10,000 with collection of that fine stayed so long as the respondent complied with the remaining terms of the consent order. That consent order provided that the sanctions imposed would be the final disposition of the trustee's motion. That consent order was entered by the Bankruptcy Court on January 7, 2013, with an effective date of February 28, 2013.

The United States District Court for the District of Rhode Island subsequently issued an order to the respondent to show cause why the District Court should not impose reciprocal discipline as provided for by Rule 214 of the Local Rules of the United States District Court for the District of Rhode Island. On November 1, 2013, having determined that cause had not been shown, the District Court suspended the respondent from practicing before that court for two years, after which he may apply for reinstatement.

Rule 14 entitled "Reciprocal discipline," requires Disciplinary Counsel, upon notice that a lawyer admitted to practice in this state has been disciplined in another jurisdiction, to obtain a certified copy of that order and file it with this Court. On November 6, 2013, Disciplinary Counsel filed a copy of that order along with a petition for the imposition of reciprocal discipline. On November 14, 2013, we entered an order directing the respondent to inform this Court of any claim he may have that the imposition of identical discipline in this state would be unwarranted and the reasons therefore. The respondent appeared before this Court at its

conference on February 10, 2014, pro se. Having heard the representations of the respondent and Disciplinary Counsel, we deem that the imposition of a disciplinary sanction is appropriate. However, we decline to impose identical discipline in this matter.

The respondent has been a member of the bar of this state since 1983. His early career was marred by a ninety day suspension imposed for his failure to disclose a 1978 arrest on his application, filed in 1981, to become a member of the Rhode Island Bar. Carter v. Charos, 536 A.2d 527 (R.I. 1988). We deferred his reinstatement when he entered a plea of nolo contendere to two counts of filing a false document, and he was sentenced to six months of unsupervised probation. Carter v. Charos, No. 1988-10 M.P. (R.I., filed June 23, 1988) (mem.). He was reinstated on December 8, 1988, and he has not been the subject of any public discipline in the intervening twenty-six years.

While the respondent is an experienced practitioner in this state, he does not frequently appear before the Bankruptcy Court. His misconduct appears to be related to his representation of one client before that court.

We believe that the sanctions imposed by the Bankruptcy and District Courts are appropriate in light of his conduct. However, we also believe those sanctions are sufficient, that the imposition of an additional period of suspension before our state courts would be unwarranted, and that a public censure is appropriate in this matter.

Accordingly, the respondent, Augustus Charos, Jr., is hereby publicly censured.

Entered as an Order of this Court this 21st Day of November 2014.

By Order,


_____/s/_____
Clerk

- 3 -


**TITLE OF CASE:**     In the Matter of Augustus Charos, Jr.

**CASE NO:**     No. 2014-321-M.P.

**COURT:**     Supreme Court

**DATE ORDER FILED:**     November 21, 2014

**JUSTICES:**     Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**WRITTEN BY:**     N/A – Court Order

**JUDGE FROM LOWER COURT**:

        N/A

**ATTORNEYS ON APPEAL:**

        For Petitioner:     David D. Curtin, Esq.
                Disciplinary Counsel

        For Respondent:  Augustus Charos, Jr., Pro Se